IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| CARTER P. REESE | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud – 1 count) |
| | : | 18 U.S.C. § 1341 (mail fraud – 1 count)<br>Notice of forfeiture |

**INFORMATION**

**COUNT ONE**
**(Wire Fraud)**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. Defendant CARTER P. REESE resided in Berks County, Pennsylvania, within the Eastern District of Pennsylvania.

2. Defendant CARTER P. REESE operated Carter P. Reese American Antiques and Fine Art, LLC, located in Berks County, Pennsylvania. Defendant REESE claimed to have more than forty years of experience in art and antiquities.

3. Associate 1, whose identity is known to the United States Attorney, and who is deceased as of in or around November 2021, was an art dealer for over thirty years. In September 2010, Associate 1 pleaded guilty in the United States District Court for the Northern District of Illinois Eastern Division to six counts of mail fraud and wire fraud related to the sale of counterfeit artwork, some of which he had purchased on eBay. In his plea agreement, Associate 1 acknowledged that he and co-conspirators participated in a scheme to defraud and to obtain money by means of false pretenses in connection with the sale of limited edition fine art

prints and that he forged the signatures of certain artists on those prints.

4. Individual 1, whose identity is known to the United States Attorney, was an art collector who died in April 2013.

5. The provenance of a work of art is a historical record of its creation, ownership, custody, and location. Typically, the provenance includes records of transactions through which a work of art changed ownership, custody, and location. The provenance of a work of art affects claims about the authenticity of a work, that is, whether a work of art is by the hand of a particular artist. Accordingly, the provenance of a work of art affects the value of a work of art.

## THE SCHEME TO DEFRAUD

6. From in or about February 2019 to on or about March 17, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

## CARTER P. REESE

devised and intended to devise a scheme to defraud and to obtain money and property from customers wishing to purchase artwork by means of false and fraudulent pretenses, representations and promises, including, among other things, by making false representations about the source and authenticity of certain art purportedly created by prominent artists.

## MANNER AND MEANS

It was part of the scheme that:

7. Defendant CARTER P. REESE sold and attempted to sell art that he represented as genuine pieces created by prominent artists, including Francis Bacon ("Bacon"), Jean-Michel Basquiat ("Basquiat"), Jean Cocteau ("Cocteau"), Keith Haring ("Haring"), Fernand

Léger ("Léger"), Roy Lichtenstein ("Lichtenstein"), Joan Miró ("Miró"), Pablo Picasso ("Picasso"), Andy Warhol ("Warhol"), and others. Defendant REESE knew that the pieces were fake and had not been created by those artists but nonetheless offered them for sale to prospective buyers as authentic.

8. Defendant CARTER P. REESE purchased and acquired pieces from Associate 1 at low prices. Many of the pieces sold by defendant REESE appeared identical to images of artwork reproductions purchased by Associate 1 on eBay.

9. Defendant CARTER P. REESE told potential buyers that he purchased over 100 pieces of art from Individual 1, including work by Bacon, Basquiat, Cocteau, Haring, Léger, Lichtenstein, Miró, Picasso, Warhol, and others. In fact, Individual 1 never owned such a collection of art and never sold such a collection of art to defendant REESE. At the time defendant REESE offered this art for sale, Individual 1 was deceased and, thus, unavailable for potential buyers if they wished to verify defendant REESE's claims about the art's provenance.

10. Defendant CARTER P. REESE told potential buyers that he acquired an additional set of art from an individual named "Ken James" who was friends with various renowned artists. "Ken James" was an alias used by Associate 1 so potential buyers would not discover that he had previously been convicted of selling fake artwork. Associate 1 did not have the purported connections to such artists.

11. To support the claims about the supposed provenance of the art he was selling, defendant CARTER P. REESE, among other things, (a) concealed Associate 1's involvement with the fraudulent artwork, (b) provided prospective buyers with false provenance information such as affidavits signed by himself and an attorney stating that defendant REESE

3

acquired the artwork from Individual 1, and (c) sold prospective buyers pieces of art on which forged inscriptions and signatures had been added.

12. During the course of defendant CARTER P. REESE's sales and attempted sales, some potential buyers told defendant REESE that some of the artwork he was attempting to sell was fake and inauthentic. Defendant REESE continued to offer that artwork for sale as authentic.

13. During the course of defendant CARTER P. REESE's sales and attempted sales, a potential buyer provided defendant REESE with information about Associate 1's prior federal conviction related to the sale of counterfeit artwork. Defendant REESE continued to offer artwork he had obtained from Associate 1 for sale as authentic.

14. Over the course of the scheme, on or about the following dates, defendant CARTER P. REESE sold the following counterfeit artwork, and investment shares of counterfeit artwork, which he falsely claimed had been acquired from Individual 1 or from "Ken James":

|   | DATE | SALE |
|---|------|------|
| a. | August 2019 | 11 items contained in the "Yellow Portfolio," consisting of works defendant REESE falsely claimed were by Basquiat, Cocteau, Haring, Léger, Lichtenstein, Miró, and Picasso, all of which were sold to Individual 2, whose identity is known to the United States Attorney |
| b. | September 2019 | 1 item defendant REESE falsely claimed was by Bacon, sold to Individual 2 |
| c. | January 2020 | 1 item defendant REESE falsely claimed was by Warhol, sold to Individual 2 |
| d. | February 2020 | An investment share in the purported "Ken James" collection, consisting of works defendant REESE falsely claimed were by, among others, Basquiat, Picasso, and Warhol, which was sold to Individual 3, whose identity is known to the United States Attorney |
| e. | August 2020 | 2 items defendant REESE falsely claimed were by Picasso, sold to Individual 4, whose identity is known to the United States Attorney |

|   | DATE | SALE |
|---|------|------|
| f. | February 2021 | 2 items defendant REESE falsely claimed were by Picasso and Léger, sold to Individual 4 |

## THE WIRING

15. On or about July 16, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CARTER P. REESE,**

for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce, sounds and signals, specifically a telephone call between defendant REESE in the Eastern District of Pennsylvania and Individual 4, located in Florida, during which defendant REESE falsely claimed he had acquired various artwork from Individual 1 and offered to sell the artwork to Individual 4.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 2
### (Mail Fraud)

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 5 of Count One of this information are re-alleged here.

### THE SCHEME TO DEFRAUD

2. From in or about February 2019 to on or about March 17, 2021, in the Eastern District of Pennsylvania and elsewhere, defendant

### CARTER P. REESE

devised and intended to devise a scheme to defraud and to obtain money and property from customers wishing to purchase artwork, by means of false and fraudulent pretenses, representations and promises, including, among other things, by making false representations about the source and authenticity of certain art purportedly created by prominent artists.

### MANNER AND MEANS

It was part of the scheme that:

3. Defendant CARTER P. REESE engaged in the manner and means described in paragraphs 7 through 14 of Count One of this information, and those paragraphs are re-alleged here.

## THE MAILING

4. On or about July 30, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CARTER P. REESE,**

for the purpose of executing the scheme described above, knowingly caused to be delivered, by the United States Postal Service and by private and commercial interstate carrier, according to the direction thereon, a package sent from the Eastern District of Pennsylvania to Individual 4, located in Florida, containing an affidavit notarized in Berks County, Pennsylvania, falsely certifying that defendant REESE acquired artwork by Miró, Lichtenstein, Haring, Picasso, Basquiat, Bacon, Warhol, and others from Individual 1.

All in violation of Title 18, United States Code, Section 1341.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1341 and 1343, set forth in this information, defendant

**CARTER P. REESE**

shall forfeit to the United States any property, real or personal, constituting, or derived from, proceeds traceable to such violations, including, but not limited to, the sum of $186,125.

2. If any of the property described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred to, sold to, or deposited with a third party;

    (c) has been placed beyond the jurisdiction of this Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

_____
**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

CARTER P. REESE

INFORMATION

Counts
18 U.S.C. § 1343 (wire fraud – 1 count)
18 U.S.C. § 1341 (mail fraud – 1 count)
Notice of forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Foreperson

Bail, $_____